O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRS AROMATICS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MINE HAKIM, individually and doing business as BIRCH BAY AROMATICS, <br><br> Defendants. | Case No. CV 11-08709 DDP (JPRx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> [Dkt Nos. 12, 13] |

Presently before the court is defendant Mine Hakim ("Hakim")'s Motion to Dismiss Plaintiff's Complaint. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopt the following order.[1]

**I.   Background**

This is the latest in a series of disputes regarding the trademarks "Angel Dreams" and "Airs" ("the trademarks"). In 1993, nonparty AIRS INTERNATIONAL, INC. ("Airs International") began using the trademarks. (Complaint ¶ 10.) As determined during the

---

[1] Defendant's unopposed Request for Judicial Notice ("RJN") is GRANTED.

course of prior litigation in the District of Nevada, nonparty Stephen Marcus ("Marcus") was the owner and sole shareholder of Airs International. (RJN Ex. A at 9.) By the year 2000, Airs International was facing insolvency. (Id.) As part of a scheme to defraud creditors, Marcus caused Airs International to transfer the trademarks to his assistant, Defendant Hakim. (Id. at 16.) As a result of that fraud, in 2008 the District of Nevada in *Air Fragrance Products, Inc. v. Clover Gifts, Inc.* 2:05-CV-0960-RCFJ-RJJ ("*Clover Gifts*")enjoined Marcus, Hakim, "and any agents, representatives or anyone in concert with or in control of these parties" from claiming rights to the trademarks superior to that of any other party. (RJN Ex. A at 17.) Airs International, being defunct at the time, was not a party to the *Clover Gifts* suit.

At some point subsequent to *Clover Gifts*, Marcus resurrected Airs International, which then assigned its trademark rights to a new entity, Plaintiff AIRS AROMATICS, LLC ("Plaintiff" or "Airs Aromatics"). (Compl. ¶ 11.) Defendant Hakim, doing business as Birch Bay Aromatics, has been using the trademarks. (Compl. ¶¶ 12-15.) Airs Aromatics brought the instant suit, alleging unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and seeking damages and injunctive relief. Defendant now moves to dismiss Plaintiff's complaint.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court

must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is a "context-specific" task, "requiring the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

**III. Discussion**

Defendant argues that this case should be dismissed because 1) Plaintiff's claims are barred be the doctrine of res judicata as a result of the Clover Gifts order enjoining Marcus or anyone in concert with him from asserting rights to the trademarks, and 2)

3

Plaintiff lacks standing to assert a trademark claim. (Mot. at 7,11.)

Plaintiff recently brought similar trademark claims against a different defendant in this very court in Airs Aromatics, LLC v. Victoria Secret Stores Brands Management, Inc., Case No. 2:11-CV-04718-R-JC ("Victoria Secret"). There, the defendant argued that Airs International had no trademark rights to the trademarks at issue here, and therefore could not have assigned any such rights to Plaintiff. (RJN Ex. C. at 32.) The court agreed, noting that Airs International was defunct through 2011 and had therefore abandoned any rights to the trademarks it may have once possessed. (Id. at 33.) Accordingly, Plaintiff is estopped from raising trademark claims against Defendant here. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 327-328 (1979) (describing defensive collateral estoppel); Collins v. D.R. Horton, Inc., 505 F.3d 874, 881 (9th Cir. 2007)(distinguishing offense and defensive estoppel).

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.[2]

IT IS SO ORDERED.

Dated: May 21, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] Defendant's Motion for Sanctions is DENIED. The court notes that Plaintiff has appealed the court's order dismissing the Victoria Secret case.