O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AIRS AROMATICS, LLC, a
Delaware limited liability
company,

                    Plaintiff,

        v.

MINE HAKIM, individually and
doing business as BIRCH BAY
AROMATICS,

                    Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-08709 DDP (JPRx)

**ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS**

[Dkt Nos. 12, 13]

    Presently before the court is defendant Mine Hakim ("Hakim")'s
Motion to Dismiss Plaintiff's Complaint.  Having considered the
submissions of the parties and heard oral argument, the court
grants the motion and adopt the following order.[1]

**I.   Background**

    This is the latest in a series of disputes regarding the
trademarks "Angel Dreams" and "Airs" ("the trademarks").  In 1993,
nonparty AIRS INTERNATIONAL, INC. ("Airs International") began
using the trademarks.  (Complaint ¶ 10.)  As determined during the

_____

    [1] Defendant's unopposed Request for Judicial Notice ("RJN") is
GRANTED.

1  course of prior litigation in the District of Nevada, nonparty

2  Stephen Marcus ("Marcus") was the owner and sole shareholder of

3  Airs International. (RJN Ex. A at 9.) By the year 2000, Airs

4  International was facing insolvency. (Id.) As part of a scheme to

5  defraud creditors, Marcus caused Airs International to transfer the

6  trademarks to his assistant, Defendant Hakim. (Id. at 16.) As a

7  result of that fraud, in 2008 the District of Nevada in Air

8  Fragrance Products, Inc. v. Clover Gifts, Inc. 2:05-CV-0960-RCFJ-

9  RJJ ("Clover Gifts")enjoined Marcus, Hakim, "and any agents,

10 representatives or anyone in concert with or in control of these

11 parties" from claiming rights to the trademarks superior to that of

12 any other party. (RJN Ex. A at 17.) Airs International, being

13 defunct at the time, was not a party to the Clover Gifts suit.

14    At some point subsequent to Clover Gifts, Marcus resurrected

15 Airs International, which then assigned its trademark rights to a

16 new entity, Plaintiff AIRS AROMATICS, LLC ("Plaintiff" or "Airs

17 Aromatics"). (Compl. ¶ 11.) Defendant Hakim, doing business as

18 Birch Bay Aromatics, has been using the trademarks. (Compl. ¶¶ 12-

19 15.) Airs Aromatics brought the instant suit, alleging unfair

20 competition under the Lanham Act, 15 U.S.C. § 1125(a), and seeking

21 damages and injunctive relief. Defendant now moves to dismiss

22 Plaintiff's complaint.

23 **II.  Legal Standard**

24    A complaint will survive a motion to dismiss when it contains

25 "sufficient factual matter, accepted as true, to state a claim to

26 relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

27 Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

28 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court

1  must "accept as true all allegations of material fact and must

2  construe those facts in the light most favorable to the plaintiff."

3  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a

4  complaint need not include "detailed factual allegations," it must

5  offer "more than an unadorned, the-defendant-unlawfully-harmed-me

6  accusation."  Iqbal, 129 S. Ct. at 1949.  Conclusory allegations or

7  allegations that are no more than a statement of a legal conclusion

8  "are not entitled to the assumption of truth." Id. at 1950. In

9  other words, a pleading that merely offers "labels and

10 conclusions," a "formulaic recitation of the elements," or "naked

11 assertions" will not be sufficient to state a claim upon which

12 relief can be granted. Id. at 1949 (citations and internal

13 quotation marks omitted).

14     "When there are well-pleaded factual allegations, a court should

15 assume their veracity and then determine whether they plausibly

16 give rise to an entitlement of relief." Id. at 1950. Plaintiffs

17 must allege "plausible grounds to infer" that their claims rise

18 "above the speculative level." Twombly, 550 U.S. at 555-

19 56. "Determining whether a complaint states a plausible claim for

20 relief" is a "context-specific" task, "requiring the reviewing

21 court to draw on its judicial experience and common sense." Iqbal,

22 129 S. Ct. at 1950.

23 **III. Discussion**

24     Defendant argues that this case should be dismissed because 1)

25 Plaintiff's claims are barred be the doctrine of res judicata as a

26 result of the Clover Gifts order enjoining Marcus or anyone in

27 concert with him from asserting rights to the trademarks, and 2)

28

3

1    Plaintiff lacks standing to assert a trademark claim.  (Mot. at
2    7,11.)

3         Plaintiff recently brought similar trademark claims against a
4    different defendant in this very court in Airs Aromatics, LLC v.
5    Victoria Secret Stores Brands Management, Inc., Case No. 2:11-CV-
6    04718-R-JC ("Victoria Secret").  There, the defendant argued that
7    Airs International had no trademark rights to the trademarks at
8    issue here, and therefore could not have assigned any such rights
9    to Plaintiff.  (RJN Ex. C. at 32.)  The court agreed, noting that
10   Airs International was defunct through 2011 and had therefore
11   abandoned any rights to the trademarks it may have once possessed.
12   (Id. at 33.)  Accordingly, Plaintiff is estopped from raising
13   trademark claims against Defendant here.  See Parklane Hosiery Co.,
14   Inc. v. Shore, 439 U.S. 322, 327-328 (1979) (describing defensive
15   collateral estoppel); Collins v. D.R. Horton, Inc., 505 F.3d 874,
16   881 (9th Cir. 2007)(distinguishing offense and defensive estoppel).

17   **IV.  Conclusion**

18        For the reasons stated above, Defendant's Motion to Dismiss
19   Plaintiff's Complaint is GRANTED.[2]

20

21   IT IS SO ORDERED.

22

23   Dated: May 21, 2012

24                                    DEAN D. PREGERSON
                                      United States District Judge
25

26

27   _____

28        [2] Defendant's Motion for Sanctions is DENIED.  The court notes
     that Plaintiff has appealed the court's order dismissing the
     Victoria Secret case.

4